UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KELLE RASKIN, on behalf of
herself and those similarly
situated,

CASE NO.:

      Plaintiff,

vs.

AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF
FLORIDA, a Florida
Corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KELLE RASKIN, by and through the undersigned attorney, sues the Defendant, AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, a Florida Corporation, and alleges:

1. Plaintiff brings this action on behalf of herself and all other similarly situated special investigators who worked for Defendant. For years Defendant has classified these employees as exempt from overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and paid them no extra overtime compensation for the numerous overtime hours worked by them. As further explained below, Defendant categorically misclassified these employees as exempt when they should have been classified as non-exempt employees. As

1

such, Plaintiff and these similarly situated employees are entitled to years' worth of overtime compensation, liquidated damages, and other relief under the FLSA.

## GENERAL ALLEGATIONS

2. Plaintiff has worked for Defendant since 2005.

3. Plaintiff worked for Defendant based out of Land O' Lakes, Florida.

4. Defendant is a Florida Corporation that operates under the Assurant umbrella.

5. Assurant is a global provider of risk management procedures and services.

6. As part of the insurance offerings provided by Assurant and its subsidiaries, Defendant employs special investigators throughout the company whose primary duties include conducting investigations of suspected claims.

7. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every special investigator who was classified as exempt and who worked for Defendant at any time within the past three (3) years.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendant, Defendant earned

more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were computers, telephones, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

12. Therefore, Defendant is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

13. Additionally, Plaintiff and other special investigators are individually covered by the FLSA as a result of routine e-mails and telephone calls which transact business in interstate commerce.

## FLSA VIOLATIONS

14. At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiff and all other similarly situated employees as exempt from overtime.

15. Plaintiff was paid an annual salary.

16. Plaintiff frequently worked more than forty hours within a workweek.

17. Plaintiff worked an average of more than sixty (60) hours per week.

18. Defendant did not pay Plaintiff overtime pay.

19. Defendant classified Plaintiff as exempt from overtime.

20. Plaintiff did not have authority to hire any employees on behalf of Defendant.

21. Plaintiff did not have authority to fire any employees on behalf of Defendant.

22. Plaintiff did not supervise any employees of Defendant.

23. Plaintiff did not make any decisions on her own regarding the handling of any claims.

24. Plaintiff did not make any suggestions regarding the handling of any claims.

25. Defendant did not require Plaintiff to clock in and out for purposes of recording her work hours.

## COLLECTIVE ACTION ALLEGATIONS

26. During their employment with Defendant, special investigators, including Plaintiff, worked numerous overtime hours for Defendant.

27. During their employment with Defendant, special investigators were all paid a salary.

28. Even though Plaintiff and these similarly situated employees worked overtime hours, they were not paid any additional compensation in addition to their weekly salary by Defendant.

29. However, these employees should not have been classified as

exempt.

30. Based on information and belief, Defendant classifies Plaintiff and other special investigators as exempt under the administrative exemption.

31. Defendant does nor rely on any other exemption as a basis not to pay Plaintiff and other special investigators overtime pay.

32. Plaintiff and other special investigators are not exempt because their primary job duties did not entail the exercise of discretion and independent judgment with respect to matters of significance.

33. Typically, investigative employees do not meet the duties section of the administrative exemption. *See* 29 C.F.R. § 541.203(j).

34. As such, Defendant cannot meet its burden to prove that these employees are exempt from overtime compensation under the FLSA.

35. The additional persons who may become plaintiffs in this action are employees who held positions similarly to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

36. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally

mandated minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All special investigators who worked for Defendant nationwide within the last three years**

37. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

## RECOVERY OF OVERTIME COMPENSATION

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37 above.

39. During their employment with Defendant, Plaintiff and those similarly situated employees worked overtime hours but did not receive overtime compensation for such hours worked.

40. Plaintiff and those similarly situated employees were misclassified as exempt employees by Defendant.

41. Defendant did not have a good faith basis for its decision to classify Plaintiff and other similarly situated employees as exempt from overtime compensation.

42. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees overtime

compensation, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KELLE RASKIN, on behalf of herself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, conditional certification of a collective action, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 15th day of December, 2020.

        s/Carlos V. Leach\_\_\_
        Carlos V. Leach, Esq.
        FL Bar No.: 540021
        Bruce A. Mount
        FL Bar No.:88754
        THE LEACH FIRM, P.A.
        631 S. Orlando Avenue, Suite 300
        Winter Park, Florida 32789
        Direct: (407) 574-8778
        Facsimile: (407) 960-4789
        Email: cleach@theleachfirm.com
        Email: bmount@theleachfirm.com

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Florida Bar No. 15527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
***Attorneys for Plaintiff***