UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 20-25094-CIV-UNGARO/REID

KELLE RASKIN, on behalf of
herself and those similarly
situated,

Plaintiff,

vs.

AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF
FLORIDA, a Florida Corporation,
and AMERICAN BANKERS
INSURANCE COMPANY OF
FLORIDA, a Florida Corporation

Defendants.
_____/

## AMENDED COMPLAINT[1] AND DEMAND FOR JURY TRIAL

Plaintiff, KELLE RASKIN, by and through the undersigned attorneys, sues the Defendants, AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA ("ABLAC"), a Florida Corporation, and AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("ABIC"), a Florida Corporation, and alleges:

1. Plaintiff brings this action on behalf of herself and all other

---

[1] Plaintiff files this Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1).

1

similarly situated SIU investigators who worked for Defendants. For years Defendants classified these employees as exempt from overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and paid them no extra overtime compensation for the numerous overtime hours worked by them. As further explained below, Defendants categorically misclassified these employees as exempt when they should have been classified as non-exempt employees. As such, Plaintiff and these similarly situated employees are entitled to years' worth of overtime compensation, liquidated damages, and other relief under the FLSA.

## GENERAL ALLEGATIONS

2. Plaintiff has worked for Defendants since 2005.

3. Plaintiff worked for Defendants based out of Land O' Lakes, Florida.

4. Defendant ABLAC is a Florida Corporation that operates under the Assurant umbrella.

5. Defendant ABIC is a Florida Corporation that operates under the Assurant umbrella.

6. Assurant is a global provider of risk management procedures and services.

7. As part of the insurance offerings provided by Assurant and its subsidiaries, Defendants employ SIU investigators throughout the company

2

whose primary duties include conducting investigations of suspected claims.

8. Plaintiff and others similarly situated primarily worked for both Defendants over the last several years.

9. Plaintiff and other similarly situated employees worked for and still work for ABLAC while some now work for ABIC.

10. Over the last several years, Defendants have transitioned many of its SIU investigator employees from being employed by the ABLAC entity to the ABIC entity.

11. Defendants share the same corporate location in Florida.

12. Defendants share the same registered agent for the state of Florida.

13. Defendants share similar officers for the state of Florida.

14. Defendants share the same Secretary for the state of Florida.

15. Defendants share the same human resource department.

16. Defendants share the same accounting department.

17. Defendants share the same finance department.

18. Defendants use the same handbook for employees.

19. Defendants share many of the same employees.

20. Defendants utilize one department to issue company policies.

21. Defendants both classify SIU investigators as exempt.

22. Defendants jointly agree to classify SIU investigators as exempt.

23. Defendants share the same payroll company.

24. Defendants share the same managers.

25. Defendants share the same insurance company.

26. Defendants share a common centralized control of labor relations.

27. Defendants' pay policies are the same for all of their locations.

28. Regional managers manage multiple locations regardless of how the entity is incorporated.

29. Job descriptions are the same for all of Defendants' locations.

30. Based on information and belief, significant policies, memorandum and management directives for both Defendants are the same.

31. Job duties are similar for SIU investigators of both Defendants.

32. When one Defendant transitioned an SIU investigator to the other Defendant, the SIU's job duties did not change.

33. When one Defendant transitioned an SIU investigator to the other Defendant, the SIU's managers did not change.

34. When one Defendant transitioned an SIU investigator to the other Defendant, the SIU's exempt status did not change.

35. Defendants both utilize the same website, www.assurant.com.

36. Defendants both utilize the same email address URL.

37. As a result of the above, Defendants jointly employed Plaintiffs and other SIU investigators within the applicable statute of limitations.

38. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every SIU investigator who was classified as exempt and who worked for Defendants at any time within the past three (3) years.

39. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

40. During Plaintiff's employment with Defendants, Defendants earned more than $500,000.00 per year in gross sales.

41. During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

42. Included in such goods, materials and supplies were computers, telephones, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

43. Therefore, Defendants are considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

44. Additionally, Plaintiff and other SIU investigators are individually covered by the FLSA as a result of routine e-mails and telephone calls which transact business in interstate commerce.

## FLSA VIOLATIONS

45. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff and all other similarly situated employees as exempt from overtime.

46. Plaintiff was paid an annual salary.

47. Plaintiff frequently worked more than forty hours within a workweek.

48. Plaintiff worked an average of more than sixty (60) hours per week.

49. Defendants did not pay Plaintiff overtime pay.

50. Defendants classified Plaintiff as exempt from overtime.

51. Plaintiff did not have authority to hire any employees on behalf of Defendants.

52. Plaintiff did not have authority to fire any employees on behalf of Defendants.

53. Plaintiff did not supervise any employees of Defendants.

54. Plaintiff did not make any decisions on her own regarding the handling of any claims.

55. Plaintiff did not make any suggestions regarding the handling of

any claims.

56. Defendants did not require Plaintiff to clock in and out for purposes of recording her work hours.

## COLLECTIVE ACTION ALLEGATIONS

57. During their employment with Defendants, SIU investigators, including Plaintiff, worked numerous overtime hours for Defendants.

58. During their employment with Defendants, SIU investigators were all paid a salary.

59. Even though Plaintiff and these similarly situated employees worked overtime hours, they were not paid any additional compensation in addition to their weekly salary by Defendants.

60. However, these employees should not have been classified as exempt.

61. Based on information and belief, Defendants classify Plaintiff and other SIU investigators as exempt under the administrative exemption.

62. Defendants do not rely on any other exemption as a basis not to pay Plaintiff and other SIU investigators overtime pay.

63. Plaintiff and other SIU investigators are not exempt because their primary job duties did not entail the exercise of discretion and independent judgment with respect to matters of significance.

64. Typically, investigative employees do not meet the duties section of the administrative exemption. *See* 29 C.F.R. § 541.203(j).

65. As such, Defendants cannot meet its burden to prove that these employees are exempt from overtime compensation under the FLSA.

66. The additional persons who may become plaintiffs in this action are employees who held positions similarly to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

67. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally mandated minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All SIU investigators who worked for Defendants nationwide within the last three years**

68. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

## RECOVERY OF OVERTIME COMPENSATION

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-68 above.

70. During their employment with Defendants, Plaintiff and those similarly situated employees worked overtime hours but did not receive overtime compensation for such hours worked.

71. Plaintiff and those similarly situated employees were misclassified as exempt employees by Defendants.

72. Defendants did not have a good faith basis for their decision to classify Plaintiff and other similarly situated employees as exempt from overtime compensation.

73. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees overtime compensation, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

74. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

75. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KELLE RASKIN, on behalf of herself and those similarly situated, demands judgment against Defendants for unpaid overtime

compensation the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, conditional certification of a collective action, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this  20th  day of January, 2021.

        s/Carlos V. Leach
        Carlos V. Leach, Esq.
        FL Bar No.: 540021
        Bruce A. Mount
        FL Bar No.:88754
        THE LEACH FIRM, P.A.
        631 S. Orlando Avenue, Suite 300
        Winter Park, Florida 32789
        Direct: (407) 574-8778
        Facsimile: (833) 813-7513
        Email: cleach@theleachfirm.com
        Email: bmount@theleachfirm.com

        /s/ C. RYAN MORGAN
        C. Ryan Morgan, Esq.
        Florida Bar No. 15527
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 14th Floor
        Orlando, FL 32802-4979
        Telephone:  (407) 420-1414
        Facsimile:   (407) 245-3401
        Email: RMorgan@forthepeople.com
        ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ____20th____ day of January, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CMECF system which will send a notice of electronic filing to: all counsel of record.

s/ CARLOS V. LEACH<br>Carlos V. Leach, Esquire