UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-25094-GAYLES/REID

**KELLE RASKIN, on behalf of herself
and those similarly situated, RODNEY
HAYMON, ANNETTE MOSCATO,
LISA MURLEY, OVILIO SUAREZ,
and ANGEL TORRES**,

    Plaintiffs,

v.

**AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF FLORIDA,
a Florida Corporation, and AMERICAN
BANKERS INSURANCE COMPANY OF
FLORIDA, a Florida Corporation**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Kelle Raskin's Motion for Conditional Certification (the "Motion") [ECF No. 28]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this matter, but briefly summarizes the facts relevant to the Motion. In this action, Plaintiff seeks damages on behalf of herself and other similarly situated employees—"SIU Investigators"—of Defendants American Bankers Life Assurance Company of Florida and American Bankers Insurance Company of Florida for overtime compensation under the Fair Labor Standards Act ("FLSA").

*See generally* [ECF No. 19]. Five individuals have filed consents to join Plaintiff's action. *See* [ECF Nos. 4, 9, 10, 14, & 39]. Plaintiff initially asserted that Defendants employed between 25 and 30 SIU Investigators over the last three years, while Defendants state that they only employed fourteen.[1] *Compare* [ECF No. 28-3 at 2 ¶ 19], *with* [ECF No. 36-1 at 6 ¶ 28]. Plaintiff now seeks to conditionally certify the class and give notice to the other members of the putative class.

## LEGAL STANDARD

The FLSA permits a plaintiff to bring a collective action on behalf of herself and other similarly situated employees. *See* 29 U.S.C. § 216(b). The purposes of § 216(b) collective actions are: "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264–65 (11th Cir. 2008) (citing *Hoffman-La Rouche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). A class action brought under the FLSA, unlike a class action pursuant to Federal Rule of Civil Procedure 23, includes only those plaintiffs who affirmatively opt into the action by filing their consent in writing to the court in which the action is brought. *See* 29 U.S.C. § 216(b); *see also De Leon-Granados v. Eller & Sons Trees, Inc.*, 497 F.3d 1214, 1219 (11th Cir. 2007). The decision to certify the action does not create a class of plaintiffs. Rather, the existence of a collective action under § 216(b) depends on the active participation of other plaintiffs. *See Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1017 (11th Cir. 2007). The benefits of a collective action "depend on employees receiving accurate and timely notice . . . so that they can make informed decisions about whether to participate." *Hoffman-La Rouche*, 493 U.S. at 170. It is solely within the Court's discretion to grant conditional certification. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

---

[1] Plaintiff did not challenge the subsequent Declaration of Timothy Aldrich that Defendants employed fourteen SIU Investigators. *See* [ECF No. 40 at 5]; [ECF No. 36-1 at 7 ¶ 28].

The Eleventh Circuit has sanctioned a two-stage approach to manage § 216(b) actions. *Morgan*, 551 F.3d at 1260. The first stage is commonly called the "notice stage" or "conditional certification." *Hipp*, 252 F.3d at 1214. If the Court approves conditional certification, putative class members receive notice of the action and the opportunity to opt in. *Id.* The Eleventh Circuit noted that during this stage:

> the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, *this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.*

*Id.* (emphasis added) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995)). The second stage occurs if the defendant moves to decertify the class, typically near the end or close of discovery, and the Court can make a more informed decision. *Morgan*, 551 F.3d at 1261. As a result, this stage is "less lenient, and the Plaintiff bears a heavier burden." *Id.* (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2008)).

Thus, to grant conditional certification, the Court must find that there are other employees who (1) desire to opt into the action, and who (2) are "similarly situated" with regard to their job requirements and pay provisions. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991); *see also Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1282–83 (S.D. Fla. 2012). A plaintiff has the burden of showing a "reasonable basis" for her claim that there are other similarly situated employees who wish to opt in. *Morgan*, 551 F.3d at 1260. "If the plaintiff does not satisfy [her] burden, the Court should decline the certification of a collective action to 'avoid the "stirring up" of litigation through unwarranted solicitation.'" *Bedoya v. Aventura*

*Limousine & Transp. Serv., Inc.*, No. 11-CIV-24432, 2012 WL 1933553, at *3 (S.D. Fla. Apr. 10, 2012) (citing *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002)).

## DISCUSSION

The Court finds that Plaintiff provides insufficient evidence that the putative class is sufficiently sizable to merit class treatment or that similarly situated individuals wish to join this action.

### I. Plaintiff's Putative Class is too Small for Class Treatment

Section 216(b) class actions are not subject to the numerosity requirements of Federal Rule of Civil Procedure 23, but still require a *class*—not merely multiple parties. *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003) ("Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer."). Courts applying the Eleventh Circuit's two-step § 216(b) certification framework routinely find that failure to provide evidence of a significant number of individuals who will opt into a class is fatal to conditional certification, notwithstanding the generally lax standard. *See, e.g.*, *Benitez v. Balans L.C.*, No. 10-CIV-22811, 2010 WL 11602404, at *3 (S.D. Fla. Dec. 6, 2010) (denying conditional certification because eleven individuals expressing interest in joining the action was insufficient evidence "that a *class* of persons wishes to join this litigation" (emphasis added)); *Kessler v. Lifesafer Serv. Providers, LLC*, No. 6:06-CV-1442-ORL-19JGG, 2007 WL 1531395, at *3 (M.D. Fla. May 25, 2007) ("A potential class of ten employees simply is not large enough to justify class treatment.").

Here, Defendants assert—and Plaintiff does not contest—that the entire universe of purportedly similarly situated individuals consists of fourteen employees. [ECF No. 36-1 at 7 ¶ 28]; [ECF No. 40 at 5–6]. Although it is notable that five individuals have indicated their

consent to join in the action thus far, *see* [ECF No. 40 at 6], it is insufficient evidence that additional individuals wish to opt into the action where the upper bound of potential class members is so low. *See Sanders v. Drainfield Dr., Inc.*, No. 6:06-CIV-1216-ORL-28JGG, 2007 WL 1362723, at *3 (M.D. Fla. May 7, 2007) ("A potential class of twelve employees simply is not large enough to justify class treatment."); *see also Zuliani v. Santa Ana, LLC*, No. 17-CIV-62080, 2018 WL 1894723, at *6 (S.D. Fla. Mar. 14, 2018) (in an action where three individuals consented, "the interests of justice would not be served by utilizing judicial resources to search for a class when there is little evidence of its existence and when the existing (putative) class is so small"), *report and recommendation adopted*, No. 17-CIV-62080, 2018 WL 3730192 (S.D. Fla. Apr. 5, 2018). While five individuals consenting to join an action may be sufficient evidence that "a number of" similarly situated individuals wish to opt into an action under different circumstances, the denominator here is simply too small. Given the small number of potential individuals who could opt in, Plaintiff fails to meet her evidentiary burden to achieve conditional certification and, therefore, the Court shall not grant class treatment at this preliminary stage.[2]

## II. Plaintiff Fails to Adduce Evidence that Others will Consent to the Conditional Class

Not only is the maximum size of the putative class too small to justify class treatment, Plaintiff fails to put forth evidence that additional parties will join the action or that "all those interested in joining this lawsuit have already done so . . . ." *Barrera v. Oficina, Inc.*, No. 10-CIV-21382, 2010 WL 4384212, at *3 (S.D. Fla. Oct. 28, 2010); *see also Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) ("[U]nsupported expectations that

---

[2] Plaintiff cites to *Morgan v. Family Dollar Stores, Inc.* for the proposition that "generally speaking, the size of an FLSA collective action does not, on its own, compel the conclusion that a decision to collectively litigate a case is inherently unfair." [ECF No. 40 at 5] (quoting *Morgan*, 551 F.3d at 1265). However, this misses the mark. The court there rejected the defendant's argument that a class of 1,424 individuals was so *large* as to render certification inherently unfair at the pre-trial decertification stage. *See Morgan*, 551 F.3d at 1264–65.

additional plaintiffs will subsequently come forward are insufficient to justify notice."). Along with establishing a reasonable basis for the existence of similarly situated individuals, Plaintiff must also offer evidence that more people will opt into a class action. Even if the Court were to assume that the putative class is as large as 25 or 30 individuals, *see* [ECF No. 28-3 at 2 ¶ 19], Plaintiff fails to put forth evidence that additional individuals wish to join the action. Merely indicating that up to 25 or 30 individuals may have suffered harms similar to Plaintiff is insufficient to show that individuals other than the five consenting individuals would join the action if given notice. *See Barrera*, 2010 WL 4384212, at *3 (where multiple plaintiffs were already parties to the action, "Plaintiffs' mere stated belief in the existence of other employees who desire to [opt in] is insufficient" (citation and internal quotation marks omitted)). Therefore, Plaintiff fails to offer evidence that additional individuals will opt into this action.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff Kelle Raskin's Motion for Conditional Certification, [ECF No. 28], is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 12th day of July 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE