UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-25094-DPG

KELLE RASKIN,

    Plaintiff,
v.

AMERICAN BANKERS LIFE ASSURANCE
COMPANY OF FLORIDA, and AMERICAN
BANKERS INSURANCE COMPANY OF
FLORIDA,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

    Plaintiff Kelle Raskin, along with opt-in Plaintiffs Lisa Murley, Annette Moscato, Angel Torres, Ovilio Suarez, and Rodney Haymon, and Defendants American Bankers Life Assurance Company of Florida and American Bankers Insurance Company of Forida (collectively, the "Parties"), having stipulated that discovery in this case may involve the production of confidential information and pursuant to the Court's direction in ECF No. 56, and the Court finding that good cause exists for the issuance of a Protective Order, it is ORDERED:

    1.    This Stipulated Protective Order (the "Protective Order") governs the handling of specific designated documents, things and other information obtained during the course of discovery in this proceeding. All designated confidential information produced or disclosed in discovery shall be used by the parties receiving it solely for the purpose of preparing for and conducting pretrial and trial proceedings, and for no other purpose.

    2.    As used in this Protective Order, the term "Confidential Information" means information stamped as "Confidential" by a party producing such information (the "Producing

1

Party"), and constituting any document, or designated portion of any document, which is confidential, proprietary or trade secret information entitled to protection pursuant to applicable law, whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise, in connection with this litigation.

      3.     A Producing Party may designate any discovery material as Confidential Information under the terms of this Protective Order by stamping or otherwise designating the document, or the affected portion of the document, as "Confidential" at the time of the production of the materials.

      4.     "Confidential" material and information derived therefrom shall be produced only to counsel of record for the Parties and may be disclosed by such counsel only to the following persons:

      (a)     The attorneys appearing on behalf of the Parties, their respective firms and employees;

      (b)     Any person expressly retained by any attorney described in subparagraph (a) above or by the Parties to assist in the preparation of this proceeding, to testify at trial or for any other proceedings in this proceeding;

      (c)     The Parties and any employee and/or representative designated by a Party to act on his, her, or its behalf solely in connection with this litigation;

      (d)     Any person who is questioned as a witness in this proceeding at a deposition or at trial, but only to the extent that the disclosure takes place in the course of the examination in the presence of opposing counsel;

      (e)     Any other person whom the Producing Party agrees in writing, or whom the Court directs, should have access to such material; and

(f) The Court and its representatives and employees.

5. Additionally, a party may disclose material designated as Confidential Information, or information derived therefrom, in response to a lawful subpoena in other litigation, provided that prior to responding to such a subpoena a copy of the subpoena shall be provided to counsel for the opposing party as soon as practicable after having been served with the subpoena, and the opposing counsel is allowed time to seek a protective order.

6. In the event a party seeks to maintain as confidential pursuant to this Protective Order all or a portion of any deposition testimony which qualifies for designation as "Confidential Information" under the standards set forth in Paragraph 2 hereof, such party shall assert such intention in writing no later than seven business days after receipt of the transcript of the deposition in question. All materials in the deposition transcript will be treated as Confidential Information until the foregoing period has expired; thereafter, only those portions properly designated as confidential will be treated as Confidential Information governed by this Protective Order.

7. Each of the persons listed in Paragraphs 4(b), (c), (d), or (e) above who, in the course of this case (the "Litigation"), is given access to material designated as Confidential Information or information derived therefrom, shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

8. Before any person described in Paragraphs 4(b), (c), (d), or (e) above is given access to any of the materials designated as Confidential Information, he or she shall be given a signed copy of this Protective Order and he or she shall sign a statement acknowledging receipt of same, consenting to the exclusive jurisdiction of the Southern District of Florida, for the limited purpose

of adjudicating any claim or dispute arising under this Protective Order, and agreeing to abide by its terms.

9. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not prejudice in any way the right of a party to seek a Court determination (i) whether particular material should be produced, or (ii) if produced, whether such material properly can be considered Confidential Information which should be subject to the terms of this Protective Order.

10. If any party objects to the designation of any material as Confidential Information, the objecting party must first notify the Producing Party of its objection, in writing, and the Parties shall confer in a good faith effort to resolve their dispute without judicial intervention. In the event that the Parties are unable to resolve the matters in dispute, then the objecting party may move the Court for an order that such material shall not be treated as designated. Until the Court rules on any such motion, the information in question shall be treated as designated Confidential information and shall be subject to the terms of this Protective Order.

11. Subject to all proper evidentiary objections, any party may use in depositions and at trial any of the information which has been designated as Confidential pursuant to the terms of this Protective Order; provided that the Parties reserve their respective rights to request the Court to take appropriate measures for depositions and at trial to preserve the confidentiality of such information should such party believe that additional measures are necessary or appropriate.

12. This Protective Order shall continue fully in effect after the termination of the Litigation and may be modified only in writing by the Parties.

13. By stipulating to this Protective Order, no party waives any right or obligation it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work-product doctrine, or any other protection, law, or

regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

14. Nothing in this Protective Order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents.

15. If a party inadvertently produces Confidential Information without the required "Confidential" stamp, the Producing Party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue.  Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential Information until (a) the Parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within 10 days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material.  A party shall not be deemed to have waived any right to designate material as Confidential Information by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to disclosure.

16. This Protective Order shall not apply to the disclosure of Confidential Information or the information contained therein at the time of trial, through the receipt of Confidential Information into evidence or through the testimony of witnesses, or in any alternative dispute resolution proceeding including arbitration and mediation.

17. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the Parties or by further Order of the Court.  If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

18. As specified by ECF No. 56, any dollar amounts in any financial statements produced by Plaintiffs pursuant to ECF No. 56 shall be redacted.

_____
LISETTE M. REID
UNITED STATES
MAGISTRATE JUDGE