**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-25094-DPG**

KELLE RASKIN,

      Plaintiff,

v.

AMERICAN BANKERS LIFE ASSURANCE
COMPANY OF FLORIDA, and AMERICAN
BANKERS INSURANCE COMPANY OF
FLORIDA,

      Defendants.
_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT**
**AGREEMENTS AND DISMISS ACTION WITH PREJUDICE**

    Plaintiff Kelle Raskin and consent plaintiffs, Rodney Haymon, Annette Moscato, Lisa Sontag-Murley, Ovilio Suarez, and Angel Torres (collectively, "Plaintiffs"), and Defendants American Bankers Life Assurance Company of Florida and American Bankers Insurance Company of Florida, by and through their respective undersigned counsel, hereby jointly move for approval of their settlement and for the dismissal with prejudice of this action, and state as follows:

    1.    Plaintiffs allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), by misclassifying the Plaintiffs and failing to pay alleged unpaid overtime wages.

    2.    Defendants vigorously deny any wrongdoing, deny that Plaintiffs were improperly classified, and further deny that Plaintiffs are entitled to any relief whatsoever. The parties agree there are bona fide, good faith disputes as to both liability and damages regarding Plaintiffs' claims.

1

3. The parties engaged in a Settlement Conference on August 4, 2021 before U.S. District Court Magistrate Judge Lisette M. Reid. [ECF No. 60]. After close to 5 hours of negotiation, the parties were able to reach settlement of this matter in an arms-length negotiation. *Id*. Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Management Co.,* 715 F.Supp.2d 1222, 1227 *(*M.D. Fla. Aug. 4, 2009*)*. As the Court is aware, the attorneys' fees and costs to be paid by Defendants were agreed upon by the Parties separately and without regard to the amounts for wages and liquidated damages which Defendants are paying to the Plaintiffs under the Parties' Settlement Agreements. At the conclusion of the Settlement Conference Magistrate Judge Reid determined the fairness of the parties' settlement. *Id*.

4. Defendants and each of the Plaintiffs signed individual settlement agreements regarding their respective FLSA claims. The parties request that the Court review and approve the settlement agreements, and they concurrently move to dismiss this action with prejudice. The parties have agreed to the dismissal of this action with prejudice on the condition that the Court retain jurisdiction to enforce the terms of the settlement agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

5. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). In *Lynn's Food Stores*, the Eleventh Circuit observed that when an employee initiates a private cause of

action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Id*. at 1354. Accordingly, the Eleventh Circuit reasoned that when the parties are represented by counsel it is likely there is a reasonable compromise and the settlement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*.

6. Plaintiffs and Defendants are each represented by experienced counsel who are extremely well-versed in FLSA litigation. The parties and their respective counsel agree and stipulate that their settlements represent a fair, reasonable, good faith and arms-length compromise of each Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

7. Confidentiality is a material term of the parties' settlement agreement, and pursuant to discussion with the Court during the August 4, 2021 Settlement Conference, the parties are submitting copies of their settlement agreements via email for *in camera* review contemporaneous with the filing of this motion. The total amount of the settlement and the specific amounts to be received by Plaintiffs and by Plaintiffs' counsel for attorneys' fees and costs are set forth in paragraph 1 of each settlement agreement. The amount paid for attorneys' fees and costs are reasonable and constitute adequate compensation for counsel.

WHEREFORE, Plaintiffs and Defendants jointly request that the Court enter an order (a) approving the parties' settlement agreements; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

A proposed order is provided herewith and is being emailed to chambers along with the parties' settlement agreements.

Respectfully submitted this 1st day of September, 2021.

| | |
|---|---|
| By: *Carlos Leach* | By: *Irma Reboso Solares* |
| Carlos V. Leach | Irma Reboso Solares |
| Florida Bar No. 540021 | Florida Bar No. 797073 |
| cleach@theleachfirm.com | isolares@carltonfields.com |
| Bruce A. Mount | Charles Throckmorton |
| Florida Bar No. 88754 | Florida Bar No. 101203 |
| bmount@theleachfirm.com | cthrockmorton@carltonfields.com |
| THE LEACH FIRM, P.A. | CARLTON FIELDS, P.A. |
| 631 So. Orlando Avenue, Suite 300 | 2 MiamiCentral |
| Winter Park, Florida 32789 | 700 NW 1st Avenue, Suite 1200 |
| | Miami, Florida 33136 |
| C. Ryan Morgan | Telephone:  (305) 530-0050 |
| Florida Bar No. 15527 | Facsimile:   (305) 530-0055 |
| rmorgan@forthepeople.com | *Attorneys for Defendants* |
| MORGAN & MORGAN, P.A. | |
| 20 N. Orange Ave., 14th Floor | |
| Orlando, Florida 32802 | |
| *Attorneys for Plaintiff* | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2021, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system and served via email on the following:

THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Carlos V. Leach, Esq.
cleach@theleachfirm.com
Bruce A. Mount, Esq.
bmount@theleachfirm.com

MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802
C. Ryan Morgan, Esq.
rmorgan@forthepeople.com

                                              /s/ *Irma Reboso Solares*

127025923