UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-25094-CV-GAYLES
MAGISTRATE JUDGE REID

KELLE RASKIN,
*on behalf of herself and those similarly situated,*

    Plaintiffs,

v.

AMERICAN BANKERS LIFE ASSURANCE
COMPANY OF FLORIDA, *et al*.

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT

    This matter is before the Court on the parties' Joint Motion to Approve FLSA Settlement Agreements and Dismiss Action with Prejudice ("Motion") [ECF No. 66], following an August 4, 2021 settlement conference. The Parties have consented to the undersigned's jurisdiction to conduct further proceedings in this case related to the parties' Motion [ECF No. 61], and the matter has been referred to the undersigned for a ruling on all remaining non-dispositive and dispositive matters, including those issues related to the parties' Motion. [ECF No. 64]. Copies of the Settlement Agreements for Plaintiff Kelle Raskin, and consent Plaintiffs Rodney Haymon, Annette Moscato, Lisa Sontag-Murley, Ovilio Suarez, and Angel Torres, have been submitted to the Court via electronic mail. The Court has conducted a fairness hearing and considered the terms of the Settlement Agreements and the pertinent portions of the record.

    This case involves claims by six plaintiffs for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"). In reviewing settlements of FLSA private

claims, a court must "scrutiniz[e] the settlement[s] for fairness," and determine that the settlements are a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Settlements entered into in an adversarial context where both sides are represented by counsel throughout litigation are "more likely to reflect reasonable compromise[s] of disputed issues." *Id.* The district court may approve the settlements in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

In this case, there are bona fide legal and factual disputes over FLSA provisions, and all parties, Plaintiffs and Defendants, were represented by counsel. Further, the terms of the settlement agreements, including the amount to be received by Plaintiffs and the attorneys' fees and costs, appear to be reasonable. Thus, this Court finds that the compromises reached by the parties are a fair and reasonable resolution of the parties' bona fide disputes.

Accordingly, it is ORDERED AND ADJUDGED that the parties' Motion [ECF No. 66] is hereby **GRANTED**, and the parties' Settlement Agreements (including attorneys' fees and costs) are **APPROVED**. The presiding District Court Judge should **DISMISS** this action with prejudice since the approved settlement agreements have resolved all legal issues, but should retain jurisdiction over this case to enforce the terms of the Settlement Agreements, should such enforcement be necessary.

DONE AND ORDERED in chambers, at Miami, Florida on this 29th day of September, 2021.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **All Counsel of Record**